[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action by way of a five (5) count amended complaint. The defendant denies that any sums are due from him to the plaintiff, and claims by way of a Special Defense that if any sums are due to the plaintiff it is from a corporation that is not a party to this action.
The relevant facts herein involved, are:
The plaintiff and the defendant, Robert Ziegler, discussed having the plaintiff perform painting services at premises known as the Hartford Dispensary, at which the defendant had a general CT Page 3962 contract that included painting. The plaintiff alleges that he was informed by the defendant that the general contract provided the sum of $16,000.00 for painting. The defendant, however, contends that the general contract provided $16,000.00 for both painting and wall covering and the plaintiff knew this.
The plaintiff proceeded to carry out the painting. He also prepared a written agreement which he executed and turned over to the defendant for execution. The defendant did not execute the agreement, nor returned the agreement to the plaintiff. The defendant repeatedly informed the plaintiff that his attorney was checking it out when the plaintiffs asked for the return of the agreement. Further, additional painting at the Hartford Dispensary beyond that provided for in the parties' original discussion was requested by the defendant. In all, the plaintiff provided additional painting services for which he contends the defendant is liable in the additional sum of $6,200.00.
The defendant contends that these additional services performed by the plaintiff were also at the request of the corporation, New Brite Plumbing Piping, Inc., and that he, Robert Ziegler, was acting in his capacity as an officer and representative of the corporation and not in his personal capacity. That therefore, since the corporation is not a party to this action the complaint should be dismissed as to him, Robert Ziegler.
In support of his defense, he has presented as exhibits Town Clerk records showing that he had used, both New Brite Plumbing 
Piping as a trade name, and New Brite Plumbing Piping, Inc. as a corporate instrumentality of which he is an officer. Further, that payments made to the plaintiff were made by corporate check signed by the defendant's wife.
The court after hearing the evidence, examining the exhibits, and taking into consideration the arguments of counsel, as well as considering the applicable law finds:
That all the dealings between the parties were as individuals: that the corporate involvement was never mentioned by either party; that, although payments to the plaintiff for work and materials provided to the defendant by the plaintiff was by corporate checks, these checks were signed by the defendant's wife as an individual without any indication of corporate authority, or as a corporate officer. CT Page 3963
Therefore, the court finds the issues for the plaintiff in Count One; and for the defendants in Counts Four and Five of the Amended Complaint. As to the remaining counts, the court has not ruled since the court's ruling in Count One makes moot these Counts.
Further, the court finds that the plaintiff provided services and materials to the defendant in the following sums:
 Original oral agreement $16,000.00 Subsequent oral agreements in the amounts of: 2,000.00 1,200.00 1,000.00 1,000.00 ----------- Total of all agreements $21,200.00 Paid by plaintiff on account 10,000.00 ----------- Due to plaintiff from defendant $11,200.00
Therefore, it is the judgment of the court that the sum of $11,200.00 is due and owing to the plaintiff from the defendant together with applicable costs.
JULIUS J. KREMSKI JUDGE TRIAL REFEREE